UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERSTATE FLAGGING, INC. | ) ) ) | CIVIL ACTION NO. 302cv1207 (AWT) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| JAMES A. WALTERS, ET AL | ) ) | |
| Defendants. | ) | JANUARY 6, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT, JAMES A. WALTERS, MOTION FOR SUMMARY JUDGMENT**

The Defendant, Town of Greenwich ("GREENWICH"), respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff, INTERSTATE FLAGGING, INC. ("Plaintiff" or "INTERSTATE"), commenced this action in the Connecticut Superior Court, J.D. of Bridgeport/Fairfield against the Defendant and numerous municipalities, unions, and union presidents by Complaint dated September 19, 2003 in an action entitled <u>Interstate Flagging, Inc. v. James A. Walters, et al.</u>, DN CV-03-

0406885-S. This matter was later removed to this Court pursuant to 28 U.S.C. § 1441. The Plaintiff thereafter filed an Amended Complaint dated December 8, 2003 (the "Complaint"). Count One of the Complaint, directed against the Defendant, alleges that the Defendant, in his position as Chief of Police of the City of Greenwich, had tortiously interfered with INTERSTATE'S contractual relationships. Defendant, now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 9(c) for summary judgment for the reasons set forth below.

## STATEMENT OF UNDISPUTED FACTS

1. The Plaintiff alleges that it is a Connecticut corporation engaged in the business of providing traffic control services for construction and/or utility maintenance contractors. (See Plaintiff's Amended Complaint dated December 8, 2003 ¶ 1, a copy of which is attached hereto as Exhibit A.).

2. The Defendant is currently serving as the Chief of Police for the Town of Greenwich. (See Affidavit of James A. Walters, ¶ 1, dated December 30, 2003, a copy of which is attached hereto as Exhibit B).

3. The Defendant assumed the duties of acting Chief of Police on December 1, 2002 and, thereafter, was appointed Chief of Police on March 14, 2003. (Exh. B ¶ 2).

4. The Plaintiff alleges that the Defendant was Chief of Police during all times material to the Complaint and that, as Chief, he had policy(ies), regulation(s), ordinance(s) or custom requiring that police officers have the exclusive right or the right of first refusal to provide traffic control services for construction and/or utility maintenance contractors within the Town of Greenwich, or in specified areas. (Exh. A ¶¶ 3 and 5)

5. Prior to December 1, 2002, including during the relevant time period set forth in the Plaintiff's Complaint, the Defendant was the Deputy Chief of Criminal Investigations for the Town of Greenwich Police Department with no supervisory authority and/or involvement with the Traffic Division. (Exh. B ¶ 4).

6. At no point during the time period specified in the Plaintiff's Complaint was the Plaintiff the Chief of Police for the Town of Greenwich. (Exh. B ¶¶ 3 and 4)

**ARGUMENT**

I. **STANDARD FOR SUMMARY JUDGMENT**

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment as a matter of law when the evidence demonstrates that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56. As the Supreme Court explained in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." The party opposing summary judgment may not rely upon mere allegations in the pleadings, but must identify specific facts in the record that show there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate. See Binder v. Long Island Lighting Co., 933 F.2d 187, 191 (2d Cir.1991). There is no issue

for trial unless there is sufficient evidence favoring the non-moving party and such evidence must be "sufficiently probative." *Vadas v. J. Lauritzen Holdings* 2000 WL 1827350 (Dist. Conn., Nov. 29, 2000, *Underhill, J*).

## II. THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT DISMISSING ALL CLAIMS AGAINST HIM

The Plaintiff's first count against the Defendant must be dismissed because the Defendant was not and could not have been responsible for any of the conduct alleged therein. Thus, this Count should be dismissed by this Court.

Despite the Plaintiff's spurious claims to the contrary, the Defendant was not the Chief of Police for the Town of Greenwich during any of the specified dates set forth in the Plaintiff's Complaint. (Exh. B ¶ 6). Specifically, the Plaintiff alleges that certain officers of the Town of Greenwich engaged in conduct amounting to tortious interference on dates ranging from March 19, 2002 through May 7, 2002. (Exh A ¶¶ 8, 11, and 12). At no time during this period, however, was the Defendant the Chief of Police for the Town of Greenwich and,

thus, had absolutely no supervisory authority over traffic control services in the Town of Greenwich. (Exh. B ¶¶ 4), to wit: the Defendant had no responsibility for enforcing or executing any "policy(ies), regulation(s), ordinance(s) or custom requiring that police officers have either the exclusive right, or the right of first refusal to provide traffic control services for construction and/or utility maintenance contractors, either within the general township, or in specified areas." (Exh. A ¶ 5).

Moreover, the Plaintiffs' allegations insinuate that the Chief of Police is ultimately responsible for supervising the conduct of the Town's police force and would have ultimate responsibility for enforcing all local laws, ordinances and Town regulations including those governing traffic control and public safety generally. (Exh. A ¶ 5). Because this Defendant was not the Chief of Police and had no such authority during the relevant time period set forth in Count One of the Plaintiff's Complaint and, generally, because the entirety of the Plaintiff's allegations against the Defendant are predicated on

a false premise, "no rational finder of fact would find in favor [of the Plaintiff]". See Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.3d 1219 (2d Cir. 1994).

## CONCLUSION

For the foregoing reasons, the Defendant, James A. Walters, respectfully requests that this court grant his motion for summary judgment in its entirety.

```
                        THE DEFENDANT,
                        JAMES A. WALTERS

                    BY: _____
                        Jonathan P. Whitcomb/ct15014
                        DISERIO MARTIN O'CONNOR &
                            CASTIGLIONI, LLP
                        One Atlantic Street
                        Stamford, CT 06901
                        (203) 358-0800
```

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, to the following counsel and parties of record:

James S. Brewer, Esq.
818 Farmington Avenue
West Hartford, CT 06119

Karen L. Burnaska, Selectman
Town Hall
7 Fan Hill Road
Monroe, CT 06468-1800

Kenneth S. Halaby, First
Selectman
Town Hall
5866 Main Street
Trumbull, CT 06611-3193

William W. Dickinson, Jr.,
Mayor
Municipal Building
P.O. Box 427
Wallingford, CT 06492-0427

Officer James Byington,
President
Norwalk Police Union Local
1727
P.O. Box 266
South Norwalk, CT 06856

Paul Ariola, President
AFSCME Local 1237
c/o City Hall
235 Grand Street
Waterbury, CT 06702-1983

Robert F. Harrel, Jr., First
Selectman
Town Hall
2 Renshaw Road
Darien, CT 06820

Kenneth G. Bernhard, Esq.
Cohen & Wolf
P.O. Box 1821
Bridgeport, CT 06604

Honorable Gene F. Enriquez
City Hall
155 Deer Hill Avenue
Danbury, CT 06810

Ms. Judy Novacheck, First
Selectman
City Hall
Municipal Center
1 School Street
Bethel, CT 06801-0003

Chief Executive Officer
City Hall
45 Lyon Terrace, Room 124
Bridgeport, CT 06604-4062

Christopher Iovene, President
AFSCME Local # 1570
c/o City Hall
Municipal Building
P.O. Box 427
Wallingford, CT 06492-0427

David Riehl, President
AFSCME Local 1159
c/o City Hall
45 Lyon Terrace
Bridgeport, CT 06604-4062

Joseph Peabody, President
CIPU Local 15
7 Fan Hill Road
Monroe, CT 06468-1800

Thomas Murphy, President
CIPU Local 6
c/o City Hall
1 School Street
Bethel, CT 06801-0003

Richard Muth, President
AFSCME Local 1429
c/o City Hall
238 Danbury Road
Wilton, CT 06897

F:\COMM\jpc\21228.memooflaw.motion.summary.judgment.doc

Michael Redgate, President
AFSCME Local # 1745
c/o Town Hall
5866 Main Street
Trumbull, CT 06611-3193

Sgt. Timothy Berry, President
Silver Shield Association
c/o Town Hall
P.O. Box 1123
Greenwich, CT 06836

IBPO #585
c/o Town Hall 2 Renshaw Road
Darien, CT 06810

Karl, Murphy, President
AFSCME Local 891
c/o City Hall
155 Deer Hill Avenue
Darien, CT 06810


Dated:    January 6, 2004
Stamford, Connecticut


_____
Jonathan P. Whitcomb/ct015014

# EXHIBIT A